**SO ORDERED.**

**SIGNED this 10 day of June, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MERCER'S ENTERPRISES, INC.,      CASE NO. 08-00651-8-JRL
                                                  Chapter 11

      DEBTOR.


MERCER'S ENTERPRISES, INC.,

      PLAINTIFF,

    vs.

SEASCAPE AT WRIGHTSVILLE      ADVERSARY PROCEEDING
BEACH, LLC and FIRST BANK,          NO. 08-00012-8-AP

      DEFENDANTS,

H. KENNETH STEPHENS, II,
SUBSTITUTE TRUSTEE.


**ORDER**

This matter is before the court on the plaintiff's motion for summary judgment on its second and sixth claims for relief seeking a declaratory judgment involving ownership of property at Wrightsville Beach, North Carolina. In making this determination, the court has

considered the record in the case, the affidavits of Matthew Johnson and Patrick C. Bristow, and the admissions of parties and other material on file. In view of the court's familiarity with the case and the need for expedition, the court in its discretion enters this ruling without further hearing at the conclusion of the shortened response time. For the reasons set out herein, the court concludes that the undisputed facts support conclusions of law allowing the plaintiff's motion.

## UNDISPUTED FACTS

1. Plaintiff Mercer's Enterprises, Inc. ("Mercer's") is a North Carolina corporation with its principal office and place of business in New Hanover County, North Carolina.

2. Defendant Seascape at Wrightsville Beach, LLC ("Seascape") is a North Carolina limited liability company with its principal office and place of business in New Hanover County, North Carolina.

3. Defendant First Bank ("First Bank") is a banking corporation lawfully conducting the business of a commercial bank in North Carolina with a place of business in Wilmington, New Hanover County, North Carolina. On or about 19 June 2009, Cooperative Bank ceased doing business and First Bank, pursuant to an agreement with the appropriate agencies and Cooperative Bank, assumed certain benefits and burdens of Cooperative Bank, including without limitation, Cooperative Bank's rights pursuant to those certain "Deeds of Trust," as defined below. Accordingly, First Bank now stands in the shoes of Cooperative Bank with respect to the Deeds of Trust.

4. Defendant H. Kenneth Stephens, II (the "Trustee") is the Substitute Trustee under certain deeds of trust from Seascape to Cooperative Bank, and is a citizen and resident of New

Hanover County, North Carolina.

5. For approximately forty (40) years, Mercer's has owned and operated that certain fishing pier commonly known and referred to as "Johnnie Mercer's Fishing Pier" (the "Pier") located in Wrightsville Beach, North Carolina. A portion of the Concrete Ramp of the Pier is located on the following portion of Lot 14, Block 13, Wrightsville Beach, North Carolina:

> Beginning at the Southeastern corner of Lot 14 as depicted upon a map entitled "Addition to Blocks No. 13 & 14 at North End", said map being recorded in Map Book 4, Page 66 of the New Hanover County Register of Deeds, running thence with the Southern line of Lot 14 and the Northern line of Salisbury Street (130' public right of way) North 52º 30' 00" West 16.20 feet; thence parallel with the Eastern line of Lot 14 North 37º 30' 00" East 20.06 feet; thence with a curve to the right, said curve having a radius of 21.50 feet to a point in the Eastern line of Lot 14 located North 75º 21' 52" East a chord distance of 26.39 feet from the preceding point; and thence with the Eastern line of Lot 14 South 37º 30' 00" West 40.90 feet to the point of beginning, containing 575 square feet more or less. (the "Easement Area")

The rest of the Pier is located east of the eastern line of Lot 14, Block 13, Wrightsville Beach, North Carolina.

Lot 14, Block 13, Wrightsville Beach, North Carolina appears on the map of Addition to Blocks 13 and 14, Wrightsville Beach, N.C., dated 26 August 1941, as prepared by Lewis L. Merritt and recorded in Map Book 4 at Page 66 of the New Hanover County, N.C., Registry ("Lot 14"). From the east line of Lot 14, the Pier extends eastwardly across the beach and into the Atlantic Ocean. The Pier is shown on the Map of Survey for Mercer's Enterprises, Inc., prepared by Stocks Land Surveying, P.C. dated 21 March 2001 with the notation "AS BUILT DWG DATE 11/27/02," a copy of which is attached hereto as **Exhibit A**. Without limitation, the Pier specifically includes: the Concrete Ramp

3

    (partially located on the Easement Area and partially located east of the eastern line of Lot 14), the Concrete Decks, the Pier House, the Pier Deck, the Pier T-Head, the Ramp, and the Piling Caps, all as labeled on Exhibit A. All references in this Order to the Pier shall mean and refer to the location as shown on the Stocks Map of Survey attached as Exhibit A.

6. <u>An Act Relative to the Title to Land Built Up and Constructed in the Town of Wrightsville Beach in the County of New Hanover as a Result of Certain Erosion Control Work in Said Town</u>, Pub. L. Chapter 246, 1939 Session, was ratified by the North Carolina General Assembly on 30 March 1939 (the "1939 Act"). The 1939 Act provides, among other things, that by virtue of certain beach renourishment work constructing new land on the ocean front of Wrightsville Beach, fee simple ownership of the land lying east of a line defined in the 1939 Act as the "building line" was granted and conveyed to the Town of Wrightsville Beach, and fee simple ownership of the new land lying west of the "building line" was granted and conveyed in fee simple to the land owner whose property abutted the new land. The "building line" (which is now denoted the "property line" pursuant to North Carolina Pub. L. Chapter 618, 1981 Session) in the area of the Pier and Lot 14 is the eastern boundary line of Lot 14.

7. The 1939 Act further provides that: "The owners of the property abutting on said newly made or constructed land shall in front of their said property, possess and keep their rights, *as if littoral owners*, in the waters of the Atlantic Ocean, bordering on said newly acquired and constructed land." (Emphasis added). Mercer's predecessor(s) in title to Lot 14 owned the property that abutted on the newly made and constructed land.

8. Mercer's reconstructed the Pier in 2001-2002 pursuant to CAMA Major Development Permit No. 59-99.

9. A Consent Judgment was entered on 5 August 2002 in Civil Action No. 02 CVS 3109 regarding CAMA Major Development Permit No. 56-99 and the scope of Mercer's rights to construct and operate the Pier, which Consent Judgment with the State of North Carolina and the Town of Wrightsville Beach is recorded in Book 3383 at Page 186 of the New Hanover County, N.C., Registry.

10. Following reconstruction of the Pier, the Town of Wrightsville Beach issued a Certificate of Occupancy for the Pier on 27 September 2002.

11. Following negotiations in 2005, Mercer's agreed to sell, and Wrightsville Beach Pier House, LLC ("Wrightsville Beach Pier House") agreed to buy, certain real property in Block 13, Wrightsville Beach, N.C., including Lot 14, with Mercer's retaining an easement in the Easement Area, incident to which Mercer's would retain the rights, as if a littoral owner, to own, operate, maintain, repair, rebuild and replace the Pier. The rights and obligations of Wrightsville Beach Pier House in connection with the purchase of the real property from Mercer's were duly assigned to and accepted by Seascape on 29 August 2005.

12. On 29 August 2005 Mercer's executed and delivered a General Warranty Deed to Seascape (the "Deed"), and the Deed was recorded the same day in Book 4896 at Page 1378 of the New Hanover County, N.C., Registry.

13. The real property conveyed from Mercer's to Seascape in the Deed was described in Exhibit A to the Deed. The description of Tract No. 2 in Exhibit A to the Deed includes

all of Lot 14 and reads, in part, as follows:

> . . . *and except as hereinafter limited*, together with all right, title and interest of the party of the first part in and to all that land lying east of Lot No. 14 in Block 13 hereinabove described between the extended side property lines of said Lot No. 14 in Block 13 and the low water mark of the Atlantic Ocean, if the said side property lines of said lot were extended eastwardly to the low water mark, *excepted therefrom any* right, title and interest of the party of the first part in and to that certain fishing pier or wharf now constructed in the Atlantic Ocean extending eastwardly on the eastern line of Lot 14 in Block 13, and formerly known as the Atlantic View Pier and more recently as Johnnie Mercer's Fishing Pier, *and further excepting any* rights, privileges, easements, licenses and appurtenances thereunto belonging or in anywise thereunto appertaining to said fishing pier.  (emphasis in original)..

14. The last paragraph in Exhibit A to the Deed reads, in part:

> "***EXCEPTING THEREFROM*** all equipment and fixtures used in connection with the operation of Johnnie Mercer's Fishing Pier . . . ."  (emphasis in original).

15. Exhibit B to the Deed further reserved certain rights, easements and privileges in

Mercer's (the "Easement") as follows:

> The Grantor reserves a non-exclusive easement for ingress, egress and regress and necessary utilities (for operation of the Pier Facility) from Salisbury Street to the Johnnie Mercer's Fishing Pier (which includes the ramp to the Pier House and the Pier) (hereinafter referred to as the "Pier Facility") over a portion of Lot 14 in Block 13 as appears on the map of addition to Blocks 13 and 14, Wrightsville Beach, N.C. as prepared by Lewis L. Merritt and recorded in the Registry of New Hanover County in Map Book 4, at Page 66, which pier easement is more specifically described as follows:
>
>> Beginning at the Southeastern corner of Lot 14 as depicted upon a map entitled "Addition to Blocks No. 13 & 14 at North End", said map being recorded in Map Book 4, Page 66 of the New Hanover County Register of Deeds, running thence with the Southern line of Lot 14 and the Northern line of Salisbury Street (130' public right of way) North 52º 30' 00" West 16.20 feet; thence parallel with the Eastern line of Lot 14 North 37º 30' 00" East 20.06 feet; thence with a curve to the right, said curve having a radius of 21.50 feet to a point in the Eastern line of Lot 14 located North 75º 21' 52" East a chord distance of 26.39 feet from the preceding point; and thence with the Eastern line of Lot 14 South 37º 30' 00" West 40.90 feet to the point of beginning, containing 575 square feet

   more or less.

   This reservation shall run with and be appurtenant to land upon which the Pier Facility is constructed, which land is described as follows: land lying east of Lot No. 14 in Block 13 herein described between the extended side property lines of said Lot No. 14 in Block 13 and the low water mark of the Atlantic Ocean, if the said side property lines of said lot were extended eastwardly to the low water mark—said land being entirely east of Lot 14 in Block 13 to the Atlantic Ocean.

   Additionally, as noted in Exhibit "A," the Grantor has excepted from the operation of this Deed the structure known as the of [sic] Johnnie Mercer's Fishing Pier lying east of the Building Line and the Eastern Boundary Line of Lot 14 of Block 13 as appears on the map of addition to Blocks 13 and 14, Wrightsville Beach, N.C., as prepared by Lewis L. Merritt and recorded in the Registry of New Hanover County in Map Book 4, at Page 66. The Grantee has agreed to cooperate with the Grantor with respect to (1) the continued operation of the Johnnie Mercer's Fishing Pier, (2) Grantor's right to rebuild the Johnnie Mercer's Fishing Pier in the event of damage to it, and (3) that Grantor's use(s) of the Lot 14 of Block 13 shall not unreasonably interfere with the continued operation of the Pier and associated businesses, provided that such operation of the Johnnie Mercer's Fishing Pier does not unreasonably interfere with the use and any future development of the Grantee's Property as described in Exhibit "A" above.

16. Cooperative Bank loaned Seascape funds for the purchase of the real property from Mercer's, and such loan was secured by a Real Estate Deed of Trust covering, *inter alia*, Lot 14 (the "August 2005 Deed of Trust"), which deed of trust was recorded on 29 August 2005 in Book 4896 at Page 1385 of the New Hanover County, N.C., Registry.

17. Subsequently, Cooperative Bank also obtained from Seascape: (i) a Real Estate Deed of Trust recorded on 1 September 2005 in Book 4898 at Page 3085 of the New Hanover County, N.C., Registry; (ii) a Real Estate Deed of Trust recorded on 27 February 2007 in Book 5147 at Page 1803 of the New Hanover County, N.C., Registry; (iii) a Real Estate Deed of Trust recorded on 20 December 2007 in Book 5262 at Page 1483 of the New Hanover County, N.C., Registry; and (iv) a Real Estate Deed of Trust recorded on 18

June 2008 in Book 5324 at Page 410 of the New Hanover County, N.C., Registry (collectively—including the August 2005 Deed of Trust—the "Deeds of Trust").

18. First Bank assumed the rights and obligations of Cooperative under the Deeds of Trust, and has appointed H. Kenneth Stephens II as Substitute Trustee under the Deeds of Trust.

19. The Deeds of Trust all contain the description of Tract 2—which encompasses Lot 14—including the "excepting language" quoted in Paragraph 13 above.

20. The property descriptions in three (3) of the Deeds of Trust reference the Easement and/or the Deed by stating either "Subject to the restriction of easement rights from Seascape at Wrightsville Beach, LLC in favor of Mercer Enterprises, Inc., as appearing in Exhibit 'B' of that General Warranty Deed recorded on August 29, 2005 in Book 4896 at Page 1378 in the office of the New Hanover County Registry"; or, "BEING THE SAME AS ALL OF THAT PROPERTY acquired by Seascape at Wrightsville Beach, LLC via [the Deed]." (Emphasis in original).

21. Disputes arose as to the operation of the Deed and the Deeds of Trust, as they relate to ownership of the Pier, the Easement and littoral rights, among other things.

22. These disputes resulted in litigation filed by both Mercer's and Seascape in the New Hanover County, North Carolina, Superior Court (Civil Action No. 06 CVS 2957 and No. 06 CVS 2968—New Hanover County Superior Court), which actions were removed to this Court on 1 February 2008.

23. However, Seascape has stipulated that it did not intend to purchase and did not purchase the Pier, and First Bank has advised the Court that it is not claiming any interest in or title to the Pier under the Deeds of Trust, except the underlying fee simple interest to the

Easement Area of Lot 14.

24. At various places, the Deed reflects the reservation of the Pier to Mercer's. For example: (i) Mercer's retained the right to rebuild the Pier; (ii) all the equipment and fixtures used in connection with the operation of the Pier were excepted from the Deed; (iii) the Pier east of Lot 14 is expressly reserved; (iv) Mercer's retained an easement in the Easement Area on which a portion of the Concrete Ramp lies; (v) Seascape agreed to cooperate with Mercer's with respect to the continued operation of the Pier; and (vi) Seascape agreed that its use of Lot 14 would not unreasonably interfere with the continued operation of the Pier. Accordingly, the language within the four corners of the Deed is clear in that Mercer's did not convey the Pier to Seascape, and Seascape did not purchase the Pier from Mercer's; instead, Mercer's retained *both* an easement in the Easement Area *and* ownership of the Pier.

25. The Deeds of Trust are clear in that the Trustee for Cooperative Bank received title to Lot 14, subject to the Easement, and that Mercer's retained ownership of the Pier.

26. First Bank has instituted foreclosure proceedings seeking to foreclose on the property described in four (4) of the Deeds of Trust that cover Lot 14: (i) Real Estate Deed of Trust recorded in Book 5262, at page 1483, New Hanover County Registry; (ii) Real Estate Deed of Trust recorded in Book 5147, at page 1803, New Hanover County Registry; (iii) Real Estate Deed of Trust recorded in Book 4898, at page 3085, New Hanover County Registry; and (iv) Real Estate Deed of Trust recorded in Book 4896, at page 1385, New Hanover County Registry. A foreclosure sale pursuant to these foreclosure proceedings is presently scheduled for 23 June 2010.

## **CONCLUSIONS OF LAW**

1. The Court has jurisdiction over the Chapter 11 case pursuant to 28 U.S.C. §§ 1334(b), 1334(e)(1), and 157(a) and the General Order of reference entered in the Eastern District of North Carolina on 3 August 1984, referring all bankruptcy cases to the bankruptcy court. The Court has exclusive jurisdiction over the property of the estate that is the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334(e), and has jurisdiction over all other subject matter of this adversary proceeding as set forth in its Order dated 8 May 2008.

2. All necessary parties have been joined and have made general appearances in this Adversary Proceeding.

3. The Court has jurisdiction over the parties to this Adversary Proceeding.

4. A substantial controversy exists between and among the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

5. No genuine issue as to any material fact exists and Mercer's is entitled to judgment as set forth in this Court's Judgment of even date herewith.

6. The Deed reserved the Easement and the Pier to Mercer's.

7. Upon the material facts not genuinely at issue in this case, the Easement is a sufficient ownership of property by Mercer's to vest in Mercer's, as if a littoral owner, the rights to own, operate, maintain, repair, rebuild and replace the Pier.

8. Mercer's owns free and clear of any right or claim of Seascape, the Trustee, Cooperative Bank, and First Bank, and their successors and assigns, the following: (i) the Pier, (ii) the

        Easement, and (iii) sufficient rights as if a littoral owner, incident to the Easement, to allow Mercer's to own, operate, maintain, repair, rebuild and replace the Pier, together with the right to bargain, sell, convey, transfer, assign and encumber the Pier and the Easement.

9. Any subsequent transfer or conveyance of Lot 14 by Seascape, its successors and assigns, or First Bank pursuant to any foreclosure sale or otherwise, shall not include or impair Mercer's rights to the Easement, Mercer's ownership of the Pier, and Mercer's rights as if a littoral owner, incident to the Easement.

10. This is a final judgment, pursuant to Federal Rule of Civil Procedure 54(b) – as made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7054. The court expressly determines that there is no just reason for delay in directing entry of final judgment on Plaintiff's Motion for Partial Summary Judgment, as resolution of these two claims largely resolves the entire controversy.

